IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LUKE BUNYON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-127 |
| | ) | |
| OFFICER CURTIS JERICHO, # JC19558, Road Deputy, | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

On June 4, 2025, the Clerk of Court filed a complaint submitted by Plaintiff and issued a deficiency notice because Plaintiff had neither submitted the $405.00 filing fee nor a motion to proceed *in forma pauperis* ("IFP"). (See doc. nos. 1, 2; Loc. R. 4.1.) The deficiency notice explained Plaintiff had twenty-one days to pay the filing fee or submit an IFP motion. (Doc. no. 2.) On June 17, 2025, the deficiency notice was returned with a "Return to Sender" notation. (Doc. no. 3.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of

authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Here, Plaintiff's failure to submit the filing fee or a motion to proceed IFP amounts not only to a failure to prosecute and a violation of Local Rule 4.1, but also an abandonment of this case. This is precisely the type of neglect contemplated by the Local Rules. Moreover, Plaintiff's failure to provide a valid address saddles the Court with a stagnant case in which no communication with Plaintiff seems possible. Because Plaintiff did not submit the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted the required filing fee or IFP motion, and because there is no valid address on file, the Court has no way of communicating with him. Therefore, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA